UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONNECT TRANSPORT, L.L.C., | § | CASE NO. 16-33971 |
| *et al.*,[1] | § | (JOINTLY ADMINISTERED) |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

| | | |
|---|---|---|
| JASON R. SEARCY, TRUSTEE | § | |
| Plaintiff | § | |
| | § | ADVERSARY No. _____ |
| v. | § | |
| | § | |
| BBX OPERATING, LLC | § | |
| Defendant | § | |

### ORIGINAL COMPLAINT TO AVOID
### AND RECOVER PREFERENTIAL TRANSFERS TO
### <u>BBX OPERATING, LLC</u>

COMES NOW JASON R. SEARCY, TRUSTEE of the Debtors in the Chapter 7 Bankruptcy Cases listed above (the "Trustee" and/or "Plaintiff") files this *Complaint to Avoid and Recover Preferential Transfers to BBX Operating, LLC* (the "Complaint") against BBX Operating, LLC ("BBX" and/or "Defendant") and hereby alleges as follows:

### I. SUMMARY OF ACTION

1.1. The Trustee seeks to avoid and recover certain pre-petition transfers made by, or on behalf of, the Debtors to Defendant before the above cases (the "Bankruptcy Cases") were commenced. These transfers are avoidable under 11 U.S.C. §§ 547, and 550.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Murphy Energy Corporation (6520); Murphy Holdings, Inc. (5447); Connect Terminals, LLC (8999); Connect Transport, LLC (6498); MG Rolling Stock Land, LLC (8749); Murphy Terminal, LLC (3482); Big Rig Tanker, LLC (8517); Port Hudson Terminal, LLC (5596); Port Allen Terminal, LLC (5058).

## II.  PARTIES

2.1.    Jason R. Searcy, Trustee, is the duly appointed Chapter 7 Trustee for each of the above affiliated Debtors. On October 4, 2016 (the "Petition Date"), the nine affiliated above Debtors ("Debtors") filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.  Jason R. Searcy was appointed to serve as the Chapter 11 Trustee for each of the cases on February 7, 2017(the "Chapter 11 Cases")[Dkt. #615].  On or about April 11, 2017, the Debtors' Chapter 11 Cases were each converted to a case under Chapter 7 of the Bankruptcy Code [Dkt. # 737].  Jason Searcy was shortly thereafter then appointed as the Chapter 7 trustee for each of the Debtors.

2.2.    BBX Operating, LLC is a Texas corporation with its principal place of business in the State of Texas. BBX may be served with process in compliance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules" or "FRBP") by mailing a copy of this Complaint and accompanying summons via certified United States mail, return receipt requested, postage prepaid, to BBX's registered agent in Texas for service of process: BBX Operating, LLC, c/o registered agent, Matthew J. Tefler, 3698 RR 620 South, Suite 113, Austin, TX 78738.

## III.  JURISDICTION AND VENUE

3.1.    This Court has jurisdiction over this adversary proceeding (the "Lawsuit") under 28 U.S.C. §§ 157 and 1334.

3.2.    This Lawsuit is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), and (O). The Trustee hereby consents to the entry of final orders or a final judgment by this Court in this Lawsuit if it is determined that this Court, absent consent of the parties to this

Lawsuit, cannot enter final orders or a final judgment consistent with Article III of the United States Constitution. Moreover, to the extent that this Lawsuit is determined to be a non-core proceeding, then the Trustee likewise also consents to the entry of final orders or a judgment by this Court.

      3.3.    Venue is proper in this Court under 28 U.S.C. § 1409.

## IV.  BACKGROUND FACTS

      4.1.    Murphy Energy Corporation, one of the above listed Debtors, entered into a Contract for Sale and Purchase of Natural Gas Liquids and/or Condensate with BBX Operating, LLC for purchase of certain goods and/or services ("Agreement").

      4.2.    Pursuant to their Agreement or as otherwise agreed between them, BBX was a provider of goods and/or services to Debtors.  Generally, BBX provided invoices for goods sold or services performed during a prior period of time, and Debtors would then pay for the goods or services received.

      4.3.    Various payments were made to BBX as set forth below.  Some of these payments were made shortly before the Bankruptcy Cases commenced on the Petition Date of October 4, 2016.

## V.  COUNT ONE
### Avoidance of Preferential Transfers-11 U.S.C. § 547

      5.1.    The Trustee re-alleges and incorporates by reference the allegations contained herein above as if fully set forth herein.

      5.2.    On or within ninety (90) days prior to the Petition Date (i.e., from July 6, 2016 through October 4, 2016) (the "Preference Period"), the following payments were transferred to

BBX by wire transfer from Debtors' bank accounts at Bank of America ("BOA"):

| DATE OF TRANSFER | AMOUNT |
|---|---|
| 7/20/2016 | $2,319,767.47 |
| 8/22/2016 | $72,231.53 |
| 8/22/2016 | $2,016,269.77 |
| 9/20/2016 | $1,952,491.21 |
| **TOTAL AMOUNT RECEIVED DURING PREFERENCE PERIOD** | $6,360,759.98 |

(collectively, the "BBX Transfers")

5.3. The BBX Transfers were made during the Preference Period.

5.4. The BBX Transfers were made from Debtors' bank account at BOA. This bank account held funds that constituted property of Debtors. Therefore, the BBX Transfers constituted transfers of an interest in property of Debtors.

5.5. The BBX Transfers were made to or for the benefit of Defendant, and Defendant received the BBX Transfers. At the time the BBX Transfers were made, Defendant was a creditor with a right to payment for goods and/or services. Defendant's right to payment constituted a "debt" or "claim" of Defendant as those terms are defined in the Bankruptcy Code.

5.6. The BBX Transfers were made, or caused to be made, for or on account of an antecedent debt owed to Defendant. In each instance, the BBX Transfers satisfied certain amounts owed to Defendant for goods and/or services.

5.7. At the time the BBX Transfers were made, Debtors were insolvent within the meaning of Bankruptcy Code § 101(32) because total debts exceeded the value of its total assets at a fair valuation.

5.8. By virtue of receiving the BBX Transfers, Defendant received more than it would have received if the Bankruptcy Cases had been cases under Chapter 7 of the Bankruptcy Code, the BBX Transfers had not been made, and Defendant had received payment of the amounts then owed to the extent provided by the provisions of the Bankruptcy Code. Debtors' Schedules filed in the Bankruptcy Cases and the proofs of claim filed in the cases evidence that Debtors' liabilities will exceed its assets to the point that unsecured creditors may not receive one hundred percent (100%) of their claims from Debtors' bankruptcy estates.

5.9. For these reasons, the BBX Transfers constitute preferences under Bankruptcy Code § 547(b) and should therefore be avoided under that provision.

## VI. COUNT TWO
### Recovery of Avoidable Transfers-11 U.S.C. § 550

6.1. The Trustee re-alleges and incorporates by reference the allegations contained herein above as if fully set forth herein.

6.2. Section 550 of the Bankruptcy Code allows the Trustee to recover, for the benefit of the estate, the property transferred and avoided under section 547 from the initial transferee of such transfer or the entity for whose benefit such transfer was made. See 11 USC § 550(a).

6.3. Defendant was either (i) the initial transferee of the BBX Transfers or the entity for whose benefit the BBX Transfers were made or (ii) the entity for whose benefit such transfer was made. Accordingly the Trustee is entitled to recover the BBX Transfers in the amount of $6,360,759.98, plus costs and interest thereon to the date of payment.

## VII. COUNT THREE
### Disallowance of Pre-Petition Claims and Expenses-11 U.S.C. § 502(d)

7.1. The Trustee re-alleges and incorporate by reference the allegations contained

herein above as if fully set forth herein.

7.2. Defendant is a transferee of the BBX Transfers, which are avoidable under Bankruptcy Code §547. Defendant is therefore an entity from whom property is recoverable under Bankruptcy Code § 550.

7.3. Defendant has not repaid the amount of the BBX Transfers, or turned over such property, for which Defendant is liable under Bankruptcy Code § 550.

7.4. Under Bankruptcy Code § 502(d), any and all pre-petition claims, expenses (including expenses under Bankruptcy Code § 503(b)(9)), and all other such amounts owed to Defendant by the Debtors as of the Petition Date must be disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the BBX Transfers, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this Lawsuit. See 11 U.S.C. § 502(d).

7.5. The Trustee therefore requests that the Court disallow any pre-petition claims, expenses, and all other such amounts owed to Defendant by the Debtors as of the Petition Date until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the BBX Transfers, plus all pre- and post-judgment interest thereon to the date of payment, as well as all the costs of this Lawsuit.

**WHEREFORE** JASON R. SEARCY, TRUSTEE, as Plaintiff, respectfully prays that this Court enter a judgment in their favor as follows:

A. determining that the BBX Transfers are avoidable preferences under Bankruptcy Code § 547(b);

B. awarding judgment against Defendant in the amount of the avoidable BBX Transfers and requiring Defendant to return such amounts to the Debtors' bankruptcy

estates under Bankruptcy Code § 550;

C.       awarding pre- and post-judgment interest to the Trustee on any judgment awarded to the Trustee until such judgment is paid in full, plus a reasonable attorney's fee and all costs of suit;

D.       disallowing any and all pre-petition claims, expenses, and all other such amounts owed to Defendant by the Debtors estates as of the Petition Date under Bankruptcy Code § 502(d) pending Defendant's satisfaction of the judgment awarded to the Trustee hereunder; and

E.       granting the Trustee such other and further relief as is just and equitable.

**DATED**: September 20, 2018.

> Respectfully submitted,
> ***SEARCY & SEARCY, P.C.***
>
> /s/ Callan C. Searcy
> JASON R. SEARCY
> State Bar No. 17953500
> Email: jsearcy@jrsearcylaw.com
> JOSHUA P. SEARCY
> State Bar No. 24053468
> Email: joshsearcy@jrsearcylaw.com
> CALLAN CLARK SEARCY
> State Bar No. 24075523
> Email: ccsearcy@jrsearcylaw.com
> P. O. Box 3929
> Longview, TX  75606
> 903/757-3399 PHONE
> 903/757-9559 FAX
>
> ATTORNEYS FOR CHAPTER 7 TRUSTEE