UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CONNECT TRANSPORT, LLC, et al., | § § § § § | CASE NO. 16-33971 (Jointly Administered) Chapter 7 |
| Debtors | | |

_____

| | | |
|---|---|---|
| JASON R. SEARCY, TRUSTEE, Plaintiff | § § § | |
| VS. | § § | ADVERSARY NO. 18-03286-hdh |
| BBX OPERATING, LLC, Defendant | § § § | |

## **BBX OPERATING, LLC'S ANSWER TO ORIGINAL COMPLAINT**

BBX Operating, LLC ("BBX") files this Answer to Original Complaint, as follows:

1.     BBX admits that the first sentence of paragraph 1.1, that is that the Trustee is seeking to recover certain pre-petition transfers.  BBX denies the remainder of the allegations in that paragraph.

2.     BBX admits the allegations contained in paragraph 2.1.

3.     BBX admits the allegations contained in paragraph 2.2.

4.     BBX admits the allegations contained in paragraph 3.1.

5.     BBX admits the allegations contained in paragraph 3.2.

6.     BBX admits the allegations contained in paragraph 3.3.

7. With respect to paragraph 4.1, BBX admits that Murphy Energy Corporation entered the referenced Agreement. BBX denies this was the only agreement between the parties.

8. With respect to paragraph 4.2, BBX admits that BBX invoiced for certain amounts due by Murphy Energy Corporation, but denies that paragraph 4.2 properly reflects the nature of the agreements between the parties.

9. With respect to paragraph 4.3, BBX admits that it received certain payments, and admits that it received the payments referenced in paragraph 5.2.

10. BBX is not required to admit or deny the allegations contained in paragraph 5.1.

11. With respect to paragraph 5.2, BBX admits that it received payments on or about the days referenced, but otherwise denies the allegations in that paragraph.

12. With respect to paragraph 5.3, BBX admits that the payments were received within ninety (90) days of the filing of the bankruptcy case.

13. BBX denies the allegations contained in paragraph 5.4.

14. BBX denies the allegations contained in paragraph 5.5.

15. BBX denies the allegations contained in paragraph 5.6.

16. With respect to paragraph 5.7, BBX is without sufficient information to admit or deny the allegations contained in that paragraph, upon reasonable inquiry, and therefore such allegations are denied.

17. With respect to paragraph 5.8, BBX is without sufficient information to admit or deny the allegations contained in that paragraph, upon reasonable inquiry, and therefore such allegations are denied.

18. BBX denies the allegations contained in paragraph 5.9.

19. BBX is not required to admit or deny the allegations contained in paragraph 6.1.

20. Paragraph 6.2 is a statement of law which BBX need not admit or deny.

21. BBX denies the allegations contained in paragraph 6.3.

22. BBX is not required to admit or deny the allegations contained in paragraph 7.1.

23. With respect to paragraph 7.2, the allegations constitute legal arguments which BBX need not admit or deny.

24. With respect to paragraph 7.3, BBX admits that it does not pay these amounts to the Trustee, but otherwise denies the allegations contained in that paragraph.

25. BBX denies the allegations contained in paragraph 7.4, except that BBX admits that the effect of 11 U.S.C. §502(d) is to disallow claims when a party owes certain avoidable transfers.

26. BBX denies that the Trustee is entitled to relief sought in paragraph 7.5.

## **Affirmative Defenses**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of earmarking, and the payments which were made to BBX were made for the benefit of and were paid to other persons or entities.

3. BBX was a mere conduit for some or all of the payments, which were paid to other persons or entities.

4. Plaintiff's claims are barred by 11 U.S.C. §547(c)(2) in that the payments were made in the ordinary course of the business between the Debtors and BBX, and were made according to ordinary business terms.

5. Plaintiff's claims are barred at all or in part because the payments were made in a contemporaneously exchange for the value, pursuant to 11 U.S.C. §547(c)(1).

6. Plaintiff's claims are barred in whole or in part by 11 U.S.C. §547(c)(4), in that BBX provided subsequent new value.

7. Plaintiff's claims are subject to set off.

WHEREFORE, based on the foregoing, BBX requests that the Court deny the relief requested by the Plaintiff and grant BBX its costs, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: 512/684-6400
Telecopier: 512/472-5248

By: */s/ Mark C. Taylor*
Eric J. Taube
State Bar No. 19679350
Mark C. Taylor
State Bar No. 19713225
Eric.taube@wallerlaw.com
Mark.taylor@wallerlaw.com

ATTORNEYS FOR DEFENDANT
BBX OPERATING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ECF delivery on counsel listed below, on the 24th day of October, 2018:

Jason R. Searcy
Callan C. Searcy
Search & Searcy, P.C.
P.O. Box 3929
Longview, Texas 75606

*/s/ Mark C. Taylor*
Mark C. Taylor

031716-65020/4814-9637-2345.1